**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>USA UNITED FLEET, INC.,<br>et al.,<sup>1</sup><br><br>        Debtors. | Chapter 11<br><br>Case No. 11-[] ()<br><br>Joint Administration Requested |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363 APPROVING THE USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

        This Matter having come before the Court on the Debtors' motion (the "**Motion**")<sup>2</sup> for entry of an order, pursuant to 11 U.S.C. §§ 105, 361, 362 and 363, authorizing the Debtors' use of cash collateral ("**Cash Collateral**"), as that term is defined in 11 U.S.C. § 363(a), subject to the liens and security interests of the Debtors' prepetition secured creditor, Comerica Bank ("**Comerica**"), and providing adequate protection to Comerica for the Debtors' use of the Cash Collateral as more fully set forth herein; and upon the proceedings held before this Court; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore.

---

<sup>1</sup> USA United Fleet, Inc. is also known as Shoreline Fleet, Inc. ("**United/Shoreline Fleet**"). In addition to United/Shoreline Fleet, the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: USA United Holdings, Inc., a/k/a Shoreline Merge, Inc. ("**United Holdings**" or "**Shoreline Merge**"); United Tom Tom Transportation, Inc., a/k/a Shoreline Buses, Inc. ("**United Tom Tom**" or "**Shoreline Buses**"); USA United Bus Express, Inc., a/k/a Shoreline Bus Express ("**United Bus**" or "**Shoreline Express**"); USA United Transit, Inc., a/k/a Shoreline Pupil Transit, Inc. ("**United Transit**" or "**Shoreline Pupil**"); United Fleet, Inc. ("**United Fleet**"); Tom Tom Escorts Only, Inc. ("**Tom Tom Escorts**") and Shoreline Transit, Inc. ("**Shoreline Transit**").

<sup>2</sup> Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

NYDOCS1-970902.1

**IT IS HEREBY FOUND THAT:**

A. On July 5, 2011, (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and managing their properties as debtors-in-possession pursuant to sections 107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has yet been appointed in these chapter 11 cases.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Debtors entered into a loan agreement dated June 17, 2004 with Comerica pursuant to which Comerica agreed to lend $10 million to the Debtors, as amended on various dates.

D. Good cause has been shown for the entry of this Interim Order. Among other things, entry of this Interim Order will minimize disruption of the Debtors' operations, prevent the diminution in the value of the Debtors' assets, and permit payment of the Debtors' ongoing operating expenses. The Cash Collateral use arrangement authorized hereunder is vital to avoid immediate and irreparable harm to the Debtors' estate. Absent the use of the Cash Collateral, the Debtors' estates would not have necessary funds to satisfy their current obligations. Allowing the use of the Cash Collateral will enable the Debtors to maintain and preserve the value of their assets and therefore is in the best interests of the Debtors' estates and creditors.

E. The use of Cash Collateral and adequate protection arrangements authorized hereunder are fair and reasonable under the circumstances, reflect the Debtors' exercise of prudent business judgment, and are supported by reasonably equivalent value and fair consideration.

F. The entry of this Order is in the best interests of the Debtors, their estates and creditors as its implementation will, among other things, allow for the continued maintenance of the existing value in the Debtors' assets.

**NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:**

1. **Use of Cash Collateral.** The Debtors may use the Cash Collateral on the terms and conditions set forth herein. All funds and cash investments of the Debtors, including any funds on deposit at any banks or other institutions as of the Petition Date, are Cash Collateral of Comerica within the meaning of 11 U.S.C. § 363(a). In addition, all cash proceeds of the Collateral (and investments thereof) received after the Petition Date are Cash Collateral of Comerica within the meaning of 11 U.S.C. § 363(a).

2. **Compliance with the Cash Collateral Budget.** Except as otherwise set forth herein, the Debtors are hereby authorized to use all Cash Collateral to pay ordinary course operating expense business in accordance with the budget annexed to the Motion as **Exhibit A** (including all terms and conditions set forth therein, the "**Cash Collateral Budget**"), subject to a variance equal to at most ten percent (10%) of the expenses set forth in the Cash Collateral Budget. To the extent amounts set forth in the Cash Collateral Budget are not used in a given period, they may be spent in any subsequent period(s).

3. **Adequate Protection**. Comerica is entitled, pursuant to 11 U.S.C. §§ 361 and 363(e), to adequate protection of their interest in the collateral, including the Cash Collateral, for any diminution in value of its interests in the prepetition collateral, including, without limitation, any such diminution resulting from the use by the Debtors of Cash Collateral and any other collateral, and the imposition of the automatic stay pursuant to 11 U.S.C. § 362. As adequate protection for any diminution in value of Comerica's interests in the collateral from and after the Petition Date, effective upon the date of this Interim Order and without the necessity of the execution by the Debtors or Comerica of any mortgages, security agreements, pledge agreements, financing statements or otherwise, the following replacement security interests and liens are hereby granted to Comerica, subject only to: (i) valid and perfected non-voidable liens in existence on the Petition Date, and (ii) valid liens in existence on the Petition Date that are perfected subsequent to the Petition Date as permitted by 11 U.S.C. § 546(b):

(a) to the full extent of any diminution in value of Comerica's prepetition collateral, a perfected first priority senior security interest in and lien upon all cash of the Debtors and any investment of the funds of the Debtors, whether existing on the Petition Date or thereafter acquired as of the date hereof and as of the Petition Date; and

(b) to the full extent of any diminution in value of Comerica's prepetition collateral, a perfected first priority senior security interest in and lien upon all other pre- and post-petition property of the Debtors, whether existing on the Petition Date or thereafter acquired, including, without limitation, all accounts, cash, Cash Collateral, deposit accounts, chattel paper, instruments, documents, investment property, supporting obligations, customer lists, letter of credit rights, inventory, fixtures, equipment, general intangibles, goods, patents, copyrights and trademarks as well as all products and proceeds of any of the foregoing and books and records relating to any of the foregoing and to Debtors' business and the proceeds of all of the foregoing; provided however, that such liens shall not include liens on causes of action to recover preferences, fraudulent transfer or any other avoidance claims under Chapter 5

of the Bankruptcy Code or the proceeds thereof (collectively, the "**Post-Petition Collateral**").

4. **Section 507(b) Claim.**  To the extent that the adequate protection provided for herein fails to protect Comerica against any post-petition diminution in value of its prepetition collateral, Comerica is hereby granted superpriority claims as provided for in 11 U.S.C. § 507(b) of the Bankruptcy Code with priority over any and all other administrative expenses of any kind payable or allowed pursuant to any provision of the Bankruptcy Code, including, but not limited to, sections 105, 326, 328, 503(b), 507(a), and 507(b) of the Bankruptcy Code provided, however, that such superpriority claims shall not extend to causes of action to recover preferences, fraudulent transfers or any other avoidance claims under Chapter 5 of the Bankruptcy Code or the proceeds thereof.

5. **Perfection of Adequate Protection Liens.**  Comerica may, but shall not be required to, file or record financing statements, mortgages, notices of lien, or similar instruments in any jurisdiction or take any other action in order to validate and perfect the security interests and liens granted to them pursuant to this Interim Order.  If Comerica shall, in their sole discretion, choose to file such financing statements, mortgages, notices of lien or similar instruments or otherwise confirm perfection of such security interests and liens, the liens and security interest granted herein shall be deemed perfected at the time and on the date of entry of this Interim Order.  Upon request by Comerica the Debtors are authorized, without the further consent of any party, to take any actions and to execute and deliver such instruments as may be necessary to enable Comerica to further perfect, preserve and enforce the security interests and liens granted to Comerica by this Interim Order.

6. **Successors and Assigns.** The provisions of this Interim Order shall be binding upon Comerica, the Debtors, and their respective successors and assigns (including any trustee hereinafter appointed or elected for the Debtors' estates) and inure to the benefit of Comerica and the Debtors and (except with respect to any trustee hereinafter appointed or elected for the estates of the Debtors) their respective successors and assigns.

7. **Final Hearing.** Not later than three (3) business days after entry of this Interim Order, the Debtors shall serve by United States mail, first class postage prepaid, copies of this Interim Order and a notice of the hearing to consider entry of a final order on the use of Cash Collateral and the provision of adequate protection (the "**Final Hearing Notice**") to be held on _____, 2011, at _____, __.m. (the "**Final Hearing**"), upon (i) counsel to Comerica, (ii) the Office of the United States Trustee for this District, (iii) the Office of the United State Attorney for the Eastern District of New York, (iv) the Internal Revenue Service, (v) the twenty (20) largest unsecured creditors of the Debtors, and (vi) such creditors which a Uniform Commercial Code search indicates security interests in assets of the Debtor. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed final order shall file written objections with the Court no later than **4:00 p.m. (Prevailing Eastern Time) on _____, 2011**, which objections shall be served so that the same are received by counsel for the Debtors on or before such date.

Dated: July 5, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE