**ANDERSON KILL & OLICK, P.C.**
1251 Avenue of the Americas
New York, New York 10020-1182
Todd E. Duffy
Dennis J. Nolan
Tel: (212) 278-1000
Fax: (212) 278-1733

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>USA United Fleet, Inc.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 11-45867 () |
| In re:<br><br>USA United Holdings, Inc.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 11-45868 () |
| In re:<br><br>United Fleet, Inc.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 11-45869 () |
| In re:<br><br>United Tom Tom Transportation, Inc.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 11-45872 () |
| In re:<br><br>USA United Bus Express, Inc.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 11-45873 () |

| | |
|---|---|
| In re:<br><br>USA United Transit, Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-45875 () |
| In re:<br><br>Tom Tom Escorts Only, Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-45876 () |
| In re:<br><br>Shoreline Transit, Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 11-45877 () |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the **"Debtors"**) file this motion (the **"Motion"**) for entry of an order (the **"Order"**), in substantially the form attached hereto as Exhibit A, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, directing the joint administration of the Debtors' Chapter 11 Cases (as defined below). The facts and circumstances supporting this Motion are set forth in the Declaration of William Moran, Comptroller of the Debtors, in Compliance With Rule 1007-4 of the Local Bankruptcy Rules (the "**1007-4 Declaration**"), filed concurrently herewith. In further support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official statutory committees have been appointed or designated by the Office of the United States Trustee (the "**U.S. Trustee**").

2. The statutory bases for the relief requested herein are Section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. A description of the Debtors' business, the reasons for commencing these Chapter 11 Cases, and the relief sought from this Court to allow for a smooth transition into chapter 11 (including the facts and circumstances supporting this Motion) are set forth in the 1007-4 Declaration filed contemporaneously with this Motion.

## Relief Requested

5. By this Motion, the Debtors respectfully request entry of an order directing joint administration of these Chapter 11 Cases. Specifically, the

Debtors request that a docket entry reflecting the joint administration of these Chapter 11 Cases, substantially in the form of the following, be entered on the docket of each of the Debtors other than USA United Fleet, Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 11 Cases of USA United Holdings, Inc., United Tom Tom Transportation, Inc., USA United Bus Express, Inc., USA United Transit, Inc., United Fleet, Inc., Tom Tom Escorts Only, Inc., and Shoreline Transit, Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the case commenced by USA United Fleet, Inc., Case No. 11-45867 ().

6. The Debtors also request that this Court maintain one file and one docket for all of the jointly administered cases under the case of USA United Fleet, Inc., and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| USA UNITED FLEET, INC., et al., | Case No. 11-45867 () |
| Debtors. | Jointly Administered |

7. Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis, provided, however, that disbursements will be listed on a debtor-by-debtor basis. The Debtors submit that filing consolidated monthly operating reports will

further administrative economy and efficiency without prejudice to any party in interest.

## Basis for Relief

8. As set forth in the 1007-4 Declaration, the Debtors in these Chapter 11 Cases include USA United Holdings, Inc. and its direct and indirect subsidiaries, each of which is an "affiliate" as that term is defined in Section 101(2) of the Bankruptcy Code. The Debtors operate as an integrated business with common ownership and control, and they share key financial and operational systems.

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As described above and in the 1007-4 Declaration, the Debtors are "affiliates" within the meaning of Section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

10. Given the complexity and interlinked commercial relationships among the Debtors, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest. Many of the motions, hearings and orders that will arise in these Chapter 11 Cases will affect each and every Debtor. Thus, entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Joint administration also will allow parties-in-interest to monitor these cases with greater ease. Moreover,

this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the U.S. Trustee in supervising these bankruptcy cases, and will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

11.     The joint administration of these Chapter 11 Cases will not give rise to any conflict among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective creditors, because the Debtors seek only administrative, not substantive, consolidation of their estates. Thus, the relief requested will not harm individual creditors' rights; to the contrary, non-debtor parties-in-interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

12.     Courts in this Circuit and others have approved relief similar to that requested herein; indeed, the entry of joint administration is common and generally uncontroversial in this and other districts. See e.g., In re Extended Stay, Inc., Case No. 09-13764 (Bankr. S.D.N.Y. 2009); In re Charter Communications, Case No. 09-11435 (Bankr. S.D.N.Y. Mar. 30, 2009); In re Chemtura Corporation, Case No. 09-11233 (Bankr. S.D.N.Y. Mar. 19, 2009); In re Buffets Holdings, Inc., Case No. 08-10141 (Bankr. D. Del. Jan. 23, 2008); In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 3, 2007).

### Motion Practice

13. This Motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(d) of the Local Bankruptcy Rules for the Eastern District of New York.

### Notice

14. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee, (b) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the Debtors' chapter 11 petitions, (c) counsel to the Debtors' secured lender, Comerica Bank; and (d) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

### No Prior Request

15. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter the order, substantially in the form attached hereto as Exhibit A (a) directing joint administration of these Chapter 11 Cases and (b) granting such other and further relief as this Court deems appropriate.

Dated: July 6, 2011  
       New York, New York

Respectfully Submitted,

/s/ Todd E. Duffy
Todd E. Duffy
Dennis J. Nolan
ANDERSON Kill & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Proposed Counsel to the Debtors and Debtors-in-Possession