**ANDERSON KILL & OLICK, P.C.**
1251 Avenue of the Americas
New York, New York 10020-1182
Todd E. Duffy
Dennis J. Nolan
Tel: (212) 278-1000
Fax: (212) 278-1733
*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>USA UNITED FLEET, INC.,<br>et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-45867 (JF)<br><br>Joint Administration Requested |

**DECLARATION OF TODD E. DUFFY IN SUPPORT OF EX PARTE APPLICATION OF THE DEBTORS FOR ORDER SHORTENING TIME PERIOD FOR NOTICE PURSUANT TO FED .R. BANKR. P. 9006(c)(1) AND 9007 AND LOCAL BANKRUPTCY RULE 9077-1 AND SCHEDULING HEARING ON: (A) THE DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363 APPROVING THE USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001; AND (B) THE DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) CONTINUE EMPLOYEE BENEFIT PLANS AND PROGRAMS POSTPETITION; (II) AUTHORIZING THE DEBTORS TO PAY WITHHOLDING AND PAYROLL-RELATED TAXES AND (III) DIRECTING ALL BANKS TO HONOR PREPETITION CHECKS AND TRANSFERS FOR PAYMENT OF EMPLOYEE OBLIGATIONS**

---

[1] USA United Fleet, Inc. is also known as Shoreline Fleet, Inc. ("**United/Shoreline Fleet**") (EIN: 2027). In addition to United/Shoreline Fleet, the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: USA United Holdings, Inc., a/k/a Shoreline Merge, Inc. ("**United Holdings**" or "**Shoreline Merge**") (EIN: 2108); United Tom Tom Transportation, Inc., a/k/a Shoreline Buses, Inc. ("**United Tom Tom**" or "**Shoreline Buses**") (EIN: 2052); USA United Bus Express, Inc., a/k/a Shoreline Bus Express ("**United Bus**" or "**Shoreline Express**") (EIN: 2102); USA United Transit, Inc., a/k/a Shoreline Pupil Transit, Inc. ("**United Transit**" or "**Shoreline Pupil**") (EIN: 2039); United Fleet, Inc. ("**United Fleet**") (EIN: 2431); Tom Tom Escorts Only, Inc. ("**Tom Tom Escorts**") (EIN: 3612); and Shoreline Transit, Inc. ("**Shoreline Transit**") (EIN: 3428).

I, Todd E. Duffy, declare under penalty of perjury, as follows:

1.      I am an attorney licensed to practice law before this Court and in the state and federal courts of New York and New Jersey and the Commonwealth of Pennsylvania and the United States Court of Appeals for the Second Circuit and am a shareholder of Anderson Kill and Olick, P.C., proposed counsel for the above-captioned debtors and debtors in possession (the "**Debtors**").

2.      I submit this declaration in connection with the Ex-Parte Application of the Debtors for Order Shortening Time Period for Notice Pursuant to Fed. R. Bankr. P. 9006(c)(1) and 9007 and Local Bankruptcy Rule 9077-1 and Scheduling a Hearing on the following motions filed by the Debtors: (1) Debtors' Motion for entry of interim and final orders pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 approving the use of cash collateral, providing adequate protection and setting a final hearing pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Cash Collateral Motion**"); and (2) Motion of the Debtors for Interim and Final Orders (I) Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Employee Obligations and (B) Continue Employee Benefit Plans and Programs Postpetition; (II) Authorizing The Debtors to Pay Withholding and Payroll-Related Taxes and (III) Directing All Banks to Honor Prepetition Checks and Transfers for Payment of Employee Obligations (the "**Employee Wages Motion**").

3.      The Debtors move this Court for an Order shortening the 21 day notice period required by Fed. R. Bankr. P. 2002(a)(2) with respect to the use, sale or lease of the properties of the Debtors' estates because the Debtors are required to fund payroll for their 1,181 employees on Thursday, July 7, 2011, for distribution on Friday,

July 8, 2011. The Debtors require the immediate use of Cash Collateral to fund their day-to-day operations in chapter 11. Indeed, absent such relief, the Debtors' businesses will be brought to an immediate halt, with damaging consequences for the Debtors, their estates and creditors. The Debtors also require an Order approving the Employee Wages Motion to pay wages and continue the employee benefit obligations if the Court approves the use of Cash Collateral.

4. If the Debtors are unable to obtain a hearing on the Cash Collateral Motion on or before July 7, 2011 and have orders entered approving the relief sought in the Cash Collateral Motion and the Employee Wages Motion, the Debtors will be unable to pay wages or pay other expenses necessary to operate this business on a day-to-day basis, and would be required to immediately liquidate. The liquidation of the Debtors at this juncture would not be in the interests of any party in these cases, including, particularly, Comerica, the Debtors' largest secured creditor.

5. Accordingly, the Debtors believe there is adequate cause to shorten the notice period required by Fed. R. Bankr. P. 2002(a)(2) under Fed. R. Bankr. P. 9006(c).

6. For the reasons set forth above and in the Application, the Debtors respectfully request the entry of an Order, pursuant Fed. R. Bankr. P. 9006(c)(1) and 9007 and Local Bankruptcy Rule 9077-1, shortening the time period for notice required under Fed. R. Bankr. P. 2002(a)(2) and scheduling a hearing on the Cash Collateral Motion and the Employee Wages Motion for July 7, 2011.

7. No previous request for the relief sought in the Application and the Cash Collateral and Employee Wages Motion have been made before this or any other court.

8. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of July, 2011.

/s/ Todd E. Duffy
Todd E. Duffy