**EXHIBIT 5**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

In re:

USA UNITED FLEET, INC.,

Debtor.

Chapter 11

Case No. 11-45867 (JF)

Joint Administration Requested

**ORDER GRANTING MOTION OF THE DEBTORS FOR ORDER: (i)
PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE FOR ENFORCEMENT
OF THE AUTOMATIC STAY WITH RESPECT TO THE NEW YORK CITY
DEPARTMENT OF EDUCATION; OR, IN THE ALTERNATIVE (ii) A MERGER OF
VARIOUS DEBTORS WITH THE NORTHEAST ENTITIES**

Upon the motion, dated July 12, 2011 (the "**Motion**")[1], of USA United Fleet, Inc., the above-referenced debtor and debtor-in-possession, together with its affiliated entities[2] (collectively, the "**Debtors**"), pursuant to section 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for enforcement of the automatic stay with respect to the New York City Department of Education, or in the alternative, pursuant to section 363 of the Bankruptcy Code, to authorize a merger of various Debtors with the Northeast Entities all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] USA United Fleet, Inc. (a/k/a Shoreline Fleet, Inc.") is affiliated with the following Debtor entities: USA United Holdings, Inc. (a/k/a Shoreline Merge, Inc.) – Case No. 11-45868; United Fleet, Inc. – Case No. 11-45869; United Tom Tom Transportation, Inc. (a/k/a Shoreline Buses, Inc.) - Case No. 11-45872; USA United Bus Express, Inc. (a/k/a Shoreline Bus Express) - Case No. 11-45873; USA United Transit, Inc. (a/k/a Shoreline Pupil Transit, Inc.) - Case No. 11-45875; Tom Tom Escorts Only, Inc. - Case No. 11-45876; and Shoreline Transit, Inc. - Case No. 11-45877. USA United Fleet, Inc. has filed a motion seeking Joint Administration of these Debtor cases.

§§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and in the record of the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the automatic stay imposed by section 362 of the Bankruptcy Code is enforced as to the Assignment and the DOE is enjoined from proceeding with actions to effectuate the Assignment; and it is further

ORDERED that the DOE is subject to sanctions if it participates in any manner that affects the Debtor's assets, estate, or the administration of its chapter 11 case; and it is further

[ORDERED that the Debtors are authorized to merge with the Northeast Entities; and it is further]

ORDERED that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the

implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order; and it is further

ORDERED that this Court retains exclusive jurisdiction with respect to any and all matters arising from or related to the implementation or enforcement of this Order.

Dated: July __, 2011
      Brooklyn, New York

_____
UNITED STATES BANKRUPTCY JUDGE