ANDERSON KILL & OLICK, P.C.
*Attorneys for Debtor*
1251 Avenue of the Americas
New York, New York 10022
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
Todd E. Duffy
Dennis J. Nolan

| **UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK** | |
|---|---|
| In re: <br><br>USA United Fleet, Inc., <br>*a/k/a Shoreline Fleet, Inc.* <br><br>    Debtor. | Chapter 7 <br><br>Case No. 11-45867 (JF) |
| In re: <br><br>USA United Holdings, Inc., <br>*a/k/a Shoreline Merge, Inc.* <br><br>    Debtor. | Chapter 7 <br><br>Case No. 11-45868 (JF) |
| In re: <br><br>United Fleet, Inc., <br><br>    Debtor. | Chapter 7 <br><br>Case No. 11-45869 (JF) |
| In re: <br><br>United Tom Tom Transportation, Inc., <br>*a/k/a Shoreline Buses, Inc.* <br><br>    Debtor. | Chapter 7 <br><br>Case No. 11-45872 (JF) |
| In re: <br><br>USA United Bus Express, Inc., <br>*a/k/a Shoreline Bus Express, Inc.* <br><br>    Debtor. | Chapter 7 <br><br>Case No. 11-45873 (JF) |

| | |
|---|---|
| In re:<br><br>USA United Transit, Inc.,<br>*a/k/a Shoreline Pupil Transit, Inc.*<br><br>Debtor. | Chapter 7<br><br>Case No. 11-45875 (JF) |
| In re:<br><br>Tom Tom Escorts Only, Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 11-45876 (JF) |
| In re:<br><br>Shoreline Transit, Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 11-45877 (JF) |

**APPLICATION OF ANDERSON KILL & OLICK, P.C.
TO WITHDRAW AS COUNSEL TO THE DEBTORS**

**TO THE HONORABLE JEROME FELLER
UNITED STATES BANKRUPTCY JUDGE:**

Anderson Kill & Olick, P.C. ("AKO"), counsel to above-captioned Debtors (collectively, the "Debtors"), hereby submits this application (the "Application") for an order pursuant to the Local Rules for the United States Bankruptcy Court for the Eastern District of New York Rule 2090-1 (the "LBR") authorizing AKO to withdraw as counsel to the Debtors. In support of this Application, AKO relies on the Declaration of Todd E. Duffy, Esq., dated August 8, 2011 (the "Duffy Declaration"), filed herewith. In further support of this Application, AKO respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein is Rule 2091-1 of the Local Bankruptcy Rules of this Court ("LBR") and 22 NYCRR Part 1200 [Rule 1.16].

## BACKGROUND

4. On July 6, 2011 (the "Petition Date"), the Debtors filed with this Court their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")(§§ 101-1532).

5. Concurrently herewith, the Debtors are seeking Court approval pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to employ AKO as its bankruptcy counsel *nunc pro tunc* to July 6, 2011 through July 29, 2011 (the "Retention Motion"). The Retention Motion is currently pending before the Court.

6. The Debtors, other than United Holdings, operated as one of the largest providers of school bus transportation to the New York City Department of Education (the "DOE").

7. Certain of the Debtors had contracts with the DOE which, taken together, accounted for 100% of the Debtors' revenues from all of its transportation operations in fiscal year 2010 (collectively, the "Contracts"). In or about August 2010, these Debtors agreed to assign the Contracts to entities either owned, operated or controlled by the Debtor's Comptroller, William Moran (the "Assignments"). The Assignment was subject to the approval of the DOE.

8. On the Petition Date, the Debtors filed a motion to use cash collateral, a motion for joint administration, a motion to pay the Debtors' employees (collectively, the

"First Day Motions") and a Declaration by William Moran, Comptroller of the Debtors, pursuant to LBR 1007-4 (the "Moran Declaration").

9. On July 7, 2011, the Debtors filed a motion to shorten the time period for the Court to schedule a hearing on the First Day Motions. That same day, the Court entered an order scheduling the hearing on the First Day Motions for July 8, 2011.

10. On July 7, 2011, Debtors' counsel spent much of the day negotiating a consensual cash collateral order with the Debtors' primary secured lender, Comerica Bank. After completion of the negotiations, which resulted in a consensual cash collateral order, Debtors' counsel received a call from the New York City Corporation Counsel and learned for the first time that the Assignments had been registered by the New York City Comptroller's office on July 1, 2011. See Declaration of Todd E. Duffy dated August 5, 2011 (the "Duffy Decl.") at ¶ 7.

11. At the outset of the hearing on the First Day Motions on July 8, 2011, Debtors' counsel advised the Court of this development. Based on this new information, the Court adjourned the hearing on the First Day Motions.

12. During the weekend of July 9, 2011, the Debtors met with Comerica to develop a strategy to bring the Contracts into the Debtors' estates. *See* Duffy Decl. at ¶ 8.

13. On July 13, 2011, the Debtors filed their Motion for Order: (i) Pursuant to section 362 of the Bankruptcy Code for Enforcement of the Automatic Stay with Respect to the New York City Department of Education; or, in the alternative, (ii) Authorizing a Merger of Various Debtors with the Northeast Entities (the "Merger Motion") along with a request for an expedited hearing.

14. The Court denied the Merger Motion on July 15, 2011 and recommended that the U.S. Trustee file a motion to convert the Debtors' cases to cases under chapter 7 of the Bankruptcy Code.

15. On July 20, 2011, the U.S. Trustee filed her motion to convert the Debtors' cases to cases under chapter 7 of the Bankruptcy Code along with a request for expedited hearing (the "Conversion Motion"). The Court scheduled the hearing on the Conversion Motion for July 29, 2011.

16. On July 21, 2011, Debtors' counsel received a call from counsel to MV Transportation, Inc. who was interested in purchasing substantially all of the assets of the Debtors. The Debtors participated in due diligence and received a term sheet from MV Transportation for a proposed sale on July 26, 2011.

17. The parties' negotiated for several days and just after midnight on July 29, 2011, the Debtors filed a letter with the Court requesting an adjournment of the hearing on the Conversion Motion to explore the possibility of consummation of the sale to MV Transportation.

18. At the hearing on the Conversion Motion on July 29, 2011, the Court denied the Debtors' request for an adjournment and converted the Debtor's cases to cases under chapter 11 of the Bankruptcy Code.

19. On July 29, 2011, the US Trustee appointed Richard J. McCord as interim chapter 7 Trustee of the Debtors' estates.

20. Upon conversion of the Debtors' cases, Debtors' counsel worked with the Debtors to create the Debtors' schedules and statements of financial affairs, which were filed on August 3, 2011 and August 4, 2011 respectively.

## RELIEF REQUESTED AND THE BASIS THEREFOR

21. AKO requests that this Court enter an order permitting it to withdraw as counsel to the Debtors.

22. The Local Bankruptcy Rules of the Eastern District of New York provide that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Local Bankruptcy Rule 2090-1(d). AKO's request for leave to withdraw should be granted because AKO's withdrawal complies with New York's Rules of Professional Conduct.

23. Under applicable New York Rules of Professional Conduct, AKO is permitted to withdraw for any of the following reasons, among others: (1) when the client insists upon taking action with which the lawyer has a fundamental disagreement; (2) when the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; and (3) when the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out the employment effectively.

24. It is well-settled that "lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal." *Anna R. Fischer & Nir Gurel v. Biman Bangladesh Airlines & Green Light Travel, Inc.*, No. 96 CIV. 3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997); *see also, Papir v. Wurms*, No. 02 Civ. 3273 (RCC) (HBP), 2003 WL 21650137, at * 1 (S.D.N.Y. July 14, 2003) ("There is uncontradicted evidence in the record that communications between [counsel] and defendant [client] have broken down that that [counsel] is not

25. Courts have also held that cause for withdrawal exists "where … the attorney-client relationship has become unproductive." *In re Albert*, 277 B.R. 38 (Bankr. S.D.N.Y. 1990), *citing, Kolomick v. Kolomick*, 133 A.D.2d 69, 518 N.Y.S.2d 413 (2d Dept 1987)("…due to the plaintiff's conduct, continued representation by his attorney would have been unproductive, and any progress in completing the simplest steps of litigation… would have been impossible").

26. The Debtors have made AKO's representation of them excruciatingly difficult. Since the beginning of these cases, the Debtors' representatives have repeatedly provided AKO with incomplete information and partial details, or have failed to provide any information at all in some respects, about critical transactions, occurrences or facts. For example, on or about July 9, 2011, AKO attorneys learned for the first time that the Debtors had transferred all of the shares in the corporations to William Moran on July 4, 2011, although Mr. Moran, who signed his declaration as the Debtors' comptroller, did not advise AKO of this transfer to include this information in the Moran Declaration. See Duffy Decl. at ¶ 9.

27. Immediately upon receipt of this critical information, and aware of its obligation to this Court and the Debtors' creditors, AKO attorneys immediately disclosed this update to the Court, counsel to Comerica Bank and the US Trustee. See Duffy Decl. at ¶ 11. After the Debtors' cases converted to chapter 7 and AKO attorneys and staff worked with the Debtors to prepare their schedules and statement of financial affairs, counsel learned another material detail - that the transfer of shares was contingent upon

Comerica's acceptance of the prepetition lease agreement. See Duffy Decl. at ¶ 14. While counsel noted this fact in the final version of the Debtors' Statement of Financial Affairs, counsel determined that because the contingent aspect of the transfer was never disclosed to the Court, this omission represented a material misrepresentation to the Court. Duffy Decl. at ¶ 15. As a result, AKO attorneys were forced to reach out to the Court, the U.S. Trustee, counsel to Comerica, and counsel to the Chapter 7 Trustee to inform them of this latest development. *Id.*

28. The Debtors' consistent failure to provide necessary information to AKO and others, has forced AKO to make incomplete representations of material facts, putting enormous ethical pressure on AKO and causing AKO to work twice as hard to accomplish tasks that are normally routine in most bankruptcy cases. Duffy Decl. at ¶ 16.

29. AKO understands that the Debtors have been consulting with Robert Prignoli, Esq. prior to and during these cases. See Duffy Decl. at 17. Mr. Prignoli is admitted to practice before this Court. Because the Debtors have been working with Mr. Prignoli on these cases since the Petition Date, AKO submits that if the Court is inclined to grant the relief requested, the transition of these cases to Mr. Prignoli would not cause any delay or prejudice to the Debtors.

## **CONCLUSION**

30. As a result of the Debtors' failure to communicate critical information to AKO attorneys or aid AKO attorneys in the administration of their estates, Anderson Kill & Olick, P.C. respectfully requests this Court grant its Motion for Leave to Withdraw as Counsel of Record Pursuant to the LBR 2090-1.

## NOTICE

31.     The Notice of this Motion together with the proposed Order, has been given to: (i) the Debtors; (ii) counsel for Comerica Bank; (iii) counsel for the Union and its Pension and Welfare Funds; (iv) counsel for Sovereign Bank (v) the Office of the United States Trustee; (vi) counsel to the chapter 7 Trustee; and (vii) all parties who have filed a Notice of Appearance in this case.  In light of the nature of the relief requested, AKO submits that the notice provided is appropriate under the circumstances and that no further notice need be given.

## NO PRIOR APPLICATION

32.     No previous application for the relief request herein has been made to this or any other court.

WHEREFORE, AKO respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 9, 2011

                                ANDERSON KILL & OLICK, P.C.


                         By:    */s/ Todd E. Duffy*
                                Todd E. Duffy
                                Dennis J. Nolan
                                1251 Avenue of the Americas
                                New York, New York 10022
                                Tel: (212) 278-1000
                                Fax: (212) 278-1733