Richard J. McCord, Esq. (RJM 3290)
Carol A. Glick, Esq. (CAG 2675)
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Richard J. McCord, Chapter 7 Trustee for
USA United Fleet Inc., *et al*.
90 Merrick Avenue
East Meadow, NY 11554
Telephone:  (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

| | |
|---|---|
| USA UNITED FLEET, INC., a/k/a | Chapter 7 |
| SHORELINE FLEET, INC., *et al.,* | Case Nos.: 11-45867-ess |

(Jointly Administered)

Debtors.
-----------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., Chapter 7 Trustee for
USA UNITED FLEET, INC., *et al*.,

                                Plaintiff,          Adv. Pro. No.

        -against-

RICHARD CASTELLANO,

                                  Defendant.
-----------------------------------------------------------------X

## <u>COMPLAINT</u>

Plaintiff, Richard J. McCord, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for

USA United Fleet, Inc., a/k/a Shoreline Fleet, Inc., USA United Holdings Inc., a/k/a Shoreline

Merge, Inc.; United Fleet, Inc.; United Tom Tom Transportation Inc., a/k/a Shoreline Buses,

Inc.; USA United Bus Express Inc., a/k/a Shoreline Bus Express, Inc.; USA United Transit Inc.,

a/k/a Shoreline Pupil Transit, Inc.; Tom Tom Escorts Only, Inc.; and Shoreline Transit Inc.

(collectively, the "United Debtors"), and Northeast Transit, Inc., Northeast Buses, Inc., and

Northern Transit, Inc. (collectively, the "Northeast Debtors" and together with the United

Debtors, the "Debtors"), by his attorneys, Certilman Balin Adler & Hyman, LLP, complaining of the defendant, Richard Castellano, respectfully alleges and sets forth to this Court as follows:

## JURISDICTION AND PARTIES

1.      This action arises under 11 U.S.C. §§ 541, 542, 544, 547, 548, and 550 and Rules 6009, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules"), New York Debtor & Creditor Law ("DCL") § 271 *et seq.* and New York common law, and Rules 6009, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules").

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§157 and 1334. The statutory predicate for this proceeding is 11 U.S.C. §§105, 541, 542, 544, 547, 548, 550, 551, as this action arises in and under the pending Chapter 7 case of the Debtors, and New York common law.

3.      This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), (H) and (O) and 28 U.S.C. §1334.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

5.      The Plaintiff is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. §704, having been appointed after the conversion of the debtor's case to one under Chapter 7 of the Bankruptcy Code (11 U.S.C. §101 et. seq.) on July 29, 2011.

6.      Upon information and belief, defendant Richard Castellano (the "Defendant"), is an individual who resides at 5 Tricia Way, Staten Island, New York 10307.

## BACKGROUND FACTS

7.      On July 6, 2011 (the "United Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of title 11 of the United States Code.

8.    On July 29, 2011, the Court converted each of the United Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code.

9.    By Order dated July 29, 2011, Richard J. McCord, Esq. (the "Trustee") was appointed the Chapter 7 Trustee of each of the converted cases of the United Debtors.

10.    On August 10, 2011 ("Northeast Petition Date"), the Northeast Debtors filed voluntary Chapter 7 cases and Richard J. McCord, Esq. was appointed as the Trustee in the Northern Debtors' cases, as well.

11.    By Order dated October 28, 2011, the Court ordered the Debtors' cases to be jointly administered.

12.    Prior to the United Petition Date, the United Debtors were a family-owned operation that, for more than 30 years, had transported handicapped public school children to and from school and school activities in New York City, under contracts between certain of the United Debtors; i.e., United Tom Tom Transportation, Inc., USA United Bus Express, Inc., USA United Fleet, Inc. and USA United Transit, Inc. (collectively, the "United Contract Holders"), and the New York City Department of Education ("DOE") (the "DOE Contracts").

13.    The DOE Contracts run from July 1st through June 30th and are renewed annually.

14.    For the fiscal year ended June 30, 2010, the United Contract Holders received combined gross revenues of $75,292,524, which were 100% attributable to the DOE Contracts.

15.    The service payments due from New York City to the United Contract Holders under the DOE Contracts (the "DOE Contract Payments") were wired into a bank account maintained by debtor, Shoreline Transit, Inc., Case No. 11-45877-jf, through approximately November 2010.

16.    Prior to the United Petition Date, the United Contract Holders assigned all of their

3

rights, title and interest in the DOE Contracts to the Northeast Debtors.

17.     In August 2011, because of the imminent commencement of the 2011-2012 school year and the DOE's stated intention to offer the DOE Contracts with the Debtors out for bid, the Trustee filed an emergency motion on shortened notice to sell substantially all of the assets of the Debtors, free and clear of liens, claims, encumbrances and interests (the "Liens"), with the Liens to attach to the proceeds of sale, and the assumption and assignment of certain executory contracts (including the DOE Contracts), and for certain related relief, pursuant to an Asset Purchase Agreement ("APA") by and among the Trustee, the United Debtors, the Northeast Debtors, as sellers, and MV Transportation, Inc. ("MV"), as purchaser.

18.     On August 15, 2011, the Bankruptcy Court approved the asset sale and the assumption and assignment of the DOE Contracts to MV pursuant to the APA, for a purchase price of $8,177,717, a price insufficient to pay in full the blanket lien and security interests of the Debtors' primary secured creditor.

19.     The closing of the sale occurred on August 18, 2011.

**_Insiders of the United Debtors_**

20.     Dana Pristavec, Dennis Scialpi, Thomas Scialpi, William Moran, and/or Laraine Lia, a/k/a Laraine Castellano, a/k/a Laraine Lia Castellano are insiders (each, an "Insider" and, collectively, the "Insiders") of the Debtors pursuant to 11 U.S.C. §101(31).

21.     Upon information and belief, defendant Richard Castellano is the husband of Laraine Castellano and, therefore, an Insider of the Debtors pursuant to 11 U.S.C. §101(31)(B).

22.     Upon information and belief, defendant Richard Castellano is or was at the time of the transactions which are the subject of this adversary complaint a shareholder of USA United Holdings, Inc., one of the United Debtors.

4

2686074.1

## *Transactions with the Defendant and Entities Controlled by Defendant*

23.     Upon information and belief, Defendant owns and controls Thomas Buses, Inc. and Bridge Trans. Inc. (collectively, the "Richard Castellano Entities") and, pursuant to 11 U.S.C. § 101(31)(E), each of the Richard Castellano Entities are Insiders of the Debtors.

24.     Upon information and belief, prior to the United Petition Date, the Debtors and/or Insiders of the Debtors caused transfers to be made directly to the Defendant which the Trustee may avoid and recover for the benefit of the estates and their creditors as more fully set forth herein.

25.     Upon information and belief, the Debtors and/or Insiders of the Debtors caused transfers totaling hundreds of thousands of dollars to be made to the Richard Castellano Entities which the Trustee may avoid and recover for the benefit of the estates and their creditors.

26.     Additionally, the books and records of Shoreline Transit, Inc. for the period July 5, 2007 through June 21, 2010 list shareholder loans made to or for the benefit of the Defendant, which were due and owing to one or more of the United Debtors as of the United Petition Date and continue to be due and owing to the Estates of one or more of the United Debtors as of the date hereof.

## *Facts and Circumstances Regarding Transfers of Debtor Funds to the Defendant*

27.     Upon information and belief, prior to the United Petition Date, none of the United Debtors received goods or services or extensions of credit from the Defendant.

28.     Alternatively, upon information and belief, prior to the United Petition Date, one or more of the United Debtors received goods or services from the Defendant.

29.     Upon information and belief, prior to the Northeast Petition Date, none of the Northeast Debtors received goods or services or extensions of credit from the Defendant.

2686074.1

30.    Alternatively, upon information and belief, prior to the Northeast Petition Date, one or more of the Northeast Debtors received goods or services from the Defendants.

31.    Prior to the United Petition Date, the United Debtors had been experiencing liquidity shortfalls and were indebted to the Internal Revenue Service ("IRS") and the New York State Department of Taxation and Finance ("NYS Tax Dept.") for income taxes and certain other taxes.

32.    Prior to the United Petition Date and the Northeast Petition Date, and at the time of all prepetition transfers which are the subject of this Complaint, the Debtors could not pay their debts as they came due.

33.    Prior to the United Petition Date and the Northeast Petition Date, and at the time of all prepetition transfers which are the subject of this Complaint, the Debtors were insolvent or were rendered insolvent thereby.

34.    The Defendant is an Insider of the Debtors or an entity controlled by Insider(s) of the Debtors.

35.    Between August 12, 2009 and July 12, 2010, the Debtors and/or the Insiders caused transfers to be made by check and/or wire transfer to or for the benefit of the Defendant (the "Two-Year Transfers") in the total amount of $116,308.00.  See Exhibit "A" annexed hereto for a list of the Two-Year Transfers.

36.    Between November 17, 2008 and July 12, 2010, the Debtors and/or the Insiders caused transfers to be made by check and/or wire transfer to or for the benefit of the Defendant ("Transfers Avoidable Under NYDCL") in the total amount of $136,308.00.  See Exhibit "B" annexed hereto for a list of the Transfers Avoidable Under NYDCL.

2686074.1

37.     Upon information and belief, the Two-Year Transfers and Transfers Avoidable Under NYDCL to or for the benefit of the Defendant, as set forth herein, were made without fair consideration, diminished the bankruptcy estates which came into existence upon the filing of the Debtors' respective chapter 11 petitions, and conferred no benefit on the Debtors.

38.     The books and records of Shoreline Transit, Inc. indicate that, between July 5. 2007 and June 21, 2010, numerous financial transactions occurred through which hundreds of thousands of dollars of Debtor Funds were used to make shareholder loans to or for the benefit of Defendant, totaling $1,126,861.38 (the "Richard Castellano Receivable"), which was due and owing to one or more of the United Debtors as of the United Petition Date and continues to be due and owing to the Estates of one or more of the United Debtors as of the date hereof.   See Exhibit "C" annexed hereto for a list of transactions comprising the Richard Castellano Receivable.

**AS AND FOR A FIRST CLAIM FOR RELIEF
AGAINST THE DEFENDANT**
**11 U.S.C. §§ 548(a)(1)(A), 550, 551**

39.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "38" as though more fully set forth word for word herein.

40.     The Two-Year Transfers were made within two (2) years of the United Petition Date.

41.     The Two-Year Transfers were made from Debtor Funds and constituted interests of the Debtors in property.

42.     The Two-Year Transfers were made with actual intent to hinder, delay or defraud the Debtors' creditors, including the IRS and the NYS Dept. of Taxation, under Bankruptcy Code § 548(a)(1)(A).

7

43.    Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendant (i) avoiding the Two-Year Transfers under Bankruptcy Code § 548(a)(1)(A), and (ii) pursuant to 11 U.S.C.  §§ 550(a) and 551, may recover from Defendant an amount equal to the Two-Year Transfers, which amount is not less than $116,308.00, plus appropriate interest thereon.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
#### 11 U.S.C. §§ 548(a)(1)(B), 550, 551

44.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "43" as though more fully set forth word for word herein.

45.    The Two-Year Transfers were made within two (2) years of the United Petition Date.

46.    The Two-Year Transfers were made from Debtor Funds and constituted interests of the Debtors in property.

47.    The Debtors received less than a reasonably equivalent value in exchange for the Two-Year Transfers.

48.    Upon information and belief, the Debtors (i) were insolvent on the date that the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

49.    The Two-Year Transfers constitute avoidable transfers pursuant to Bankruptcy Code § 548(a)(1)(B).

8

50.     Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendant (i) avoiding the Two-Year Transfers under Bankruptcy Code § 548(a)(1)(B), and (ii) pursuant to 11 U.S.C.  §§ 550(a) and 551, may recover from Defendant an amount equal to the Two-Year Transfers, which amount is not less than $116,308.00, plus appropriate interest thereon.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**AGAINST THE DEFENDANT**
**11 U.S.C. §§ 544(b), 550, DCL § 273**

51.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "50" as though more fully set forth word for word herein.

52.     Upon information and belief, the Debtors were either insolvent at the time they caused the Transfers Avoidable Under NYDCL to be made to Defendant or were rendered insolvent thereby within the meaning of DCL § 271.

53.     Upon information and belief, on the date of the Transfers Avoidable Under NYDCL, the value of the Debtors' assets was less than the amount required to pay the Debtors' existing debts as such debts became absolute and mature.

54.     Upon information and belief, the Debtors did not receive fair consideration in exchange for the Transfers Avoidable Under NYDCL within the meaning of DCL § 272.

55.     Upon information and belief, as of the United Petition Date, there existed actual unsecured creditors of the Debtors (*e.g*., the IRS) which could have avoided any transfer of an interest of the Debtors in property that is avoidable under DCL § 273 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

56.     Pursuant to 11 U.S.C.  § 544(b)(1), the Trustee may avoid any transfer of an

interest of the Debtors in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

57.    Upon information and belief, the Transfers Avoidable Under NYDCL were fraudulent transfers pursuant to DCL § 273 since the Debtor did not receive fair consideration therefor.

58.    By virtue of the foregoing, Plaintiff is entitled to judgment against Defendant pursuant to DCL § 273 finding that the Transfers Avoidable Under NYDCL were  fraudulent conveyances and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551, and awarding the Plaintiff damages in the sum of not less than $136,308.00, plus appropriate interest thereon.

**AS AND FOR A FOURTH CLAIM FOR RELIEF
AGAINST THE DEFENDANT**
**11 U.S.C. §§ 544(b), 550, 551 DCL § 274**

59.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "58" as though more fully set forth word for word herein.

60.    Upon information and belief, on the date of the Transfers Avoidable Under NYDCL, the Debtors were engaged in a business for which the assets remaining in their hands represented an unreasonably small capital.

61.    Upon information and belief, on the date of the Transfers Avoidable Under NYDCL, the value of all of the Debtors' assets was less than the amount required to pay the Debtors' existing debts as such debts became absolute and mature.

62.    Upon information and belief, the Debtors did not receive fair consideration in exchange for the Transfers Avoidable Under NYDCL within the meaning of DCL § 272.

63.    Upon information and belief, as of the United Petition Date, there existed actual

unsecured creditors of the Debtors (*e.g.*, the IRS) which could have avoided any transfer of an interest of the Debtors in property that is avoidable under DCL § 274 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

64.    Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtors in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

65.    Upon information and belief, the Transfers Avoidable Under NYDCL were fraudulent transfers as to the Debtors' creditors since such transfers left the Debtors with unreasonably small capital with which to engage in their business.

66.    By virtue of the foregoing, Plaintiff is entitled to judgment against Defendants pursuant to DCL § 274 finding that the Transfers Avoidable Under NYDCL were fraudulent conveyances and consequently setting aside such transfer pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551 and awarding the Plaintiff damages in the sum of not less than $136,308.00, plus appropriate interest thereon.

**AS AND FOR A FIFTH CLAIM FOR RELIEF
AGAINST THE DEFENDANT**
**11 U.S.C. §§ 544(b), 550, 551 DCL § 275**

67.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "66" as though more fully set forth word for word herein.

68.    Upon information and belief, on the date of the Transfers Avoidable Under NYDCL, the Debtors knew or should have known that they would incur debts beyond their ability to pay such debts as they matured.

69.    Upon information and belief, as of the United Petition Date, there existed actual

2686074.1

unsecured creditors of the Debtors (*e.g.*, the IRS) which could have avoided any transfer of an interest of the Debtors in property that is avoidable under DCL § 275 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

70.    Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtors in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

71.    The Transfers Avoidable Under NYDCL were fraudulent conveyances pursuant to DCL § 275.

72.    Accordingly, the Plaintiff requests a judgment against Defendants finding that the Transfers Avoidable Under NYDCL was a fraudulent conveyance pursuant to DCL § 275 and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551 and awarding the Plaintiff damages in the sum of not less than $9,900.00, plus appropriate interest thereon.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
## AGAINST THE DEFENDANT
### 11 U.S.C. §§ 544(b), 550, 551 DCL § 276

73.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "72" as though more fully set forth word for word herein.

74.    Upon information and belief, as of the United Petition Date, there existed actual unsecured creditors of the Debtors (*e.g.*, the IRS) which could have avoided any transfer of an interest of the Debtors in property that is avoidable under DCL § 276 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

12

75.     Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtors in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

76.     During the period November 17, 2008 through July 12, 2010, the Debtors transferred the Transfers Avoidable Under NYDCL to Defendant in the amount of $136,308.00.

77.     The Transfers Avoidable Under NYDCL in the amount of $136,308.00 could have been utilized to pay a portion of the claims of the IRS and NYS Tax Dept.

78.     The Transfers Avoidable Under NYDCL were made with actual intent to defraud the IRS and NYS Tax Dept.

79.     By virtue of the foregoing, Plaintiff requests a judgment against Defendant finding that the Transfers Avoidable Under NYDCL were fraudulent conveyances pursuant to DCL § 276 and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551 and awarding the Plaintiff damages in the sum of not less than $136,308.00, plus appropriate interest thereon.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
## AGAINST THE DEFENDANT
### 11 U.S.C. §§ 544(b), 550, DCL § 276-a

80.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "79" as though more fully set forth word for word herein.

81.     In the event the Court determines that the Plaintiff may avoid the Transfers Avoidable Under NYDCL and recover the value thereof for the benefit of the Estates pursuant to Bankruptcy Code §§ 544(b) and 550 and DCL § 276, the Plaintiff is entitled to an award of attorneys' fees and expenses pursuant to DCL § 276-a.

82.     By virtue of the foregoing Plaintiff seeks a judgment in the amount of the

13

attorneys' fees and expenses it incurs in connection with this action.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF
## AGAINST THE DEFENDANT
### Unjust Enrichment

83.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "82" as though more fully set forth word for word herein.

84.    The Two Year Transfers and Transfers Avoidable Under NYDCL made to Defendant were impermissible transfers of the Debtors' interest in property.  Consequently, Defendant was the ultimate beneficiary of such transfer under circumstances in which Defendant would be unjustly enriched if she were to retain such transfer, since the Debtors did not receive reasonably equivalent value therefor.

85.    As a result, Defendant has been unjustly enriched and may not in equity and good conscience retain the Two-Year Transfers and Transfers Avoidable Under NYDCL.

86.    Based upon the foregoing, Defendant is liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $136,308.00, plus appropriate interest thereon.

## AS AND FOR A NINTH CLAIM FOR RELIEF
## AGAINST DEFENDANT
### Turnover of Property of the Estate

87.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "86" as though more fully set forth word for word herein.

88.    Pursuant to Section 541(a)(1) of the Bankruptcy Code, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

89.    As of the commencement of this Chapter 11 case, Shoreline Transit, Inc. carried

2686074.1

the Richard Castellano Receivable on its books.

90.     Therefore, the Richard Castellano Receivable is property of the Estates of one or more of the United Debtors.

91.     Section 542(a) of the Bankruptcy Code provides that an entity "in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."  11 U.S.C. § 542(a).

92.     The Richard Castellano Receivable constitutes property that the Plaintiff may use under section 363 of the Bankruptcy Code to pay expenses of administration and the allowed claims of creditors of these Chapter 7 Estates.

93.     Consequently, Plaintiff seeks a Judgment and Order pursuant to Bankruptcy Rule 7001(1) and 11 U.S.C. § 542(a) for the immediate turnover of the value of the Richard Castellano Receivable in an amount of not less than $1,126,861.38, plus appropriate interest thereon.

**AS AND FOR AN TENTH CLAIM FOR RELIEF**
**AGAINST DEFENDANT**
**(Unjust Enrichment)**

94.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "93" as though more fully set forth word for word herein.

95.     As a result of loans made by one or more of the United Debtors to or for the benefit of the Defendant, Defendant has been unjustly enriched in the sum of $1,126,861.38.

96.     Based upon the foregoing, the Defendant is liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less

15

than $1,126,861.38, plus appropriate interest thereon.

## AS AND FOR AN ELEVENTH CLAIM FOR RELIEF
## AGAINST THE DEFENDANT
### Disallowance of Claims

97.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "93" as though more fully set forth word for word herein.

98.    Upon information and belief, Defendant has filed or may file proofs of claim against the Debtors.

99.    Defendant is the recipients of a Two-Year Transfer which constitutes an avoidable transfer under Bankruptcy Code §§ 548 and 544.

100.    Defendant has not paid the amount, or turned over such property, for which Defendant is liable under Bankruptcy Code § 550.

101.    Additionally, Defendant is the recipient of Debtor Funds constituting the Richard Castellano Receivable.

102.    Pursuant to Bankruptcy Code § 502(d), the Court shall disallow any claim of the Defendant to the extent property is recoverable under §§ 542, 543, 550, or 553 of title 11, or that is a transferee of a transfer avoidable under §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of title 11, unless Defendant shall have paid the amount recoverable.

103.    Until such time as Defendant returns the Transfer and turns over to the Plaintiff the value of the Richard Castellano Receivable, Defendant's claims, whether now or subsequently scheduled, filed or otherwise asserted in the above-captioned chapter 7 estates, should be disallowed in its/their entirety.

## RESERVATION OF RIGHTS

2686074.1

104.    It is the intent of the Plaintiff to recover the transfers of property of the Debtors made to the Defendant prior to the United Petition Date and after the United Petition Date and, as such, hereby specifically reserves its rights to amend this Complaint to seek to recover such additional transfers, if any, not specifically identified herein, to bring any and all other causes of action that it may maintain against Defendant, including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such additional transfers or further causes of action.

**WHEREFORE,** Plaintiff prays for a judgment granting the relief against the Defendant as set forth below:

(a)    Avoidance and recovery of the Two-Year Transfers in the sum of not less than $116,308.00, plus interest, as fraudulent transfers pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550 and 551;

(b)    Avoidance and recovery of the Two-Year Transfers in the sum of not less than $116,308.00, plus interest, as fraudulent transfers pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550 and 551;

(c)    Avoidance and recovery of the Transfers  Avoidable Under NYDCL in the sum of not less than $136,308.00, plus interest, pursuant to DCL § 273 and Bankruptcy Code §§ 544(b), 550 and 551;

(d)    Avoidance and recovery of the Transfers Avoidable Under NYDCL in the sum of not less than $136,308.00, plus interest, pursuant to DCL § 274 and Bankruptcy Code §§ 544(b), 550 and 551;

(e)    Avoidance and recovery of the Transfers Avoidable Under NYDCL in the sum of not less than $136,308.00, plus interest, pursuant to DCL § 275 and Bankruptcy Code §§ 544(b), 550 and 551;

(f)    Avoidance and recovery of the Transfers Avoidable Under NYDCL in the sum of not less than $136,308.00, plus interest, pursuant to DCL § 276 and Bankruptcy Code §§ 544(b) 550 and 551;

(g)    An award of attorneys fees pursuant to DCL § 276-a and Bankruptcy Code § 544(b);

(h)    Judgment that Defendants are liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $136,308.00, plus appropriate interest thereon;

(i)    Judgment and Order for turnover of the value of the Richard Castellano Receivable in the amount of not less than $1,126,861.38, plus appropriate interest thereon;

(j)    Judgment that Defendant is liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event

17

less than $1,126,861.38, plus appropriate interest thereon;

(k)    Disallowing any claims of Defendant pursuant to Bankruptcy Code § 502(d), until it turns over to Plaintiff the amounts avoided and recovered as Two-Year Transfers and/or Transfers Avoidable Under NYDCL; and

(l)    An award of such other and further relief the Court deems just and proper.

Dated:  East Meadow, New York
        July 2, 2013          **CERTILMAN BALIN ADLER & HYMAN, LLP**
                       Attorneys for Chapter 7 Trustee, Richard J. McCord

                 By:    /s/ Richard J. McCord
                       Richard J. McCord, Esq. (RJM 3290)
                       Carol A. Glick, Esq. (CAG 2675)
                       90 Merrick Avenue
                       East Meadow, New York 11554
                       (516) 296-7000

2686074.1